JOURNAL ENTRY AND OPINION.
 I. {¶ 1} Defendant-appellant Latavius Moore appeals the sentence imposed by the trial court. Moore pled guilty to one count each of aggravated robbery, felonious assault, aggravated burglary and kidnapping. The trial court sentenced Moore to the maximum on each count, all to run consecutively for a total of thirty-eight years. Moore successfully appealed (No. 79353), after which the court again imposed a thirty-eight year sentence. On this appeal, because the court failed to make the requisite findings for the imposition of consecutive sentences, we reverse and remand.
 II. {¶ 2} Moore was living with his (pregnant) girlfriend Kenyatta at her father's house. Also living there were Kenyatta's brother, Ryan, and her father's girlfriend, Mary Jo Gilmore. Mary Jo wanted the three out of the house (Kenyatta's father was incarcerated at the time of these events). After being asked to leave, Moore and Ryan tied Mary Jo up and beat her while Kenyatta robbed her. Mary Jo's call to 911 recorded all of the events, which included Moore's resisting arrest when the police arrived. Moore wants this court to know that what happened was not planned, that he "expressed his extreme remorse" and that he tried to take all the blame.
 {¶ 3} At the resentencing hearing, the court stated:
 {¶ 4} "The defendant has committed the worst forms of these offenses, [sic] this was not just a robbery, this was not just a felonious assault, this was not just a kidnapping. Tying this woman up, hog fashion, stuffing her mouth, beating her with a padlock, are indeed the worst forms of kidnapping, assault and robbery.
 {¶ 5} "Moreover, there was a relationship between the defendants and this victim. They were rent free tenants of her home. This was a great show of appreciation.
 {¶ 6} "The victim did receive serious injuries, and needed to be transported by ambulance and received medical treatment for these injuries.
 {¶ 7} "I agree with the State that in light of the victim's statements here in this court, there must have been some psychological harm as well, maybe that's continuing.[1]
 {¶ 8} "Maybe — I'm not a psychologist, but it appears that while many victims forgive their assaults — the people who assault them, they still though recognize the danger to the public of — of their perpetrators. This victim doesn't seem to have any recognition of that fact.
 {¶ 9} "While the court notes that this is the offender's first prison term, to sentence to community control would number 1, it would violate the spirit of Senate Bill 2. These are all felon[ies] of the first degree[2] which carry presumption of prison. You don't overcome the presumption of prison merely by having it be your first time. I don't think that's anywhere in the law. I don't even believe our Court of Appeals have [sic] reached that conclusion.
 {¶ 10} "Also, this defendant did commit the worst form of these offenses, and to sentence him to community control would seriously demean the activities of August 17, 2000. It would in fact be open season on the members of our county, on the citizens of our county.
 {¶ 11} "The court finds, [sic] make the following findings: Defendant has committed the worst form of these offense[s], the maximum sentences are necessary to protect the public from future crime, to sentence otherwise would seriously demean the nature of the offenses, given the extreme brutality and seriousness of the offender's conduct and relationship between the parties.
 {¶ 12} "But for the appearance of the police in this case, defendant's conduct would not have abated. Even with the appearance of the police in this case, there was a serious opportunity for the conduct to not have abated, had this woman not been able to squeal loud enough for those two officers to hear her, they may have accepted the blatant representations of this defendant and his cohorts that nothing was going on in that apartment. And this woman may have been beaten to death but for them overhearing her screams.
 {¶ 13} "Consecutive sentences in this case are not disproportionate to the danger this offender poses to the public. This is almost a made for TV movie, but, because the victim survived, due to the good work of the Cleveland Police Department, I don't think Hollywood would be interested.
 {¶ 14} "Therefore, the court imposes the original sentence that the court imposed originally, which is, maximum ten-year sentence for aggravated robbery, which is Count 1, * * * eight years on the felonious assault, Count 2, ten years on aggravated burglary [Count 3], and ten years on kidnapping, to run consecutive.
 {¶ 15} "Mr. [Moore], your remorse in this case came almost two years too late. Remorse should have been August 17th, 2000, prior to starting to beat this woman, prior to tying her up, prior to telling the police there was nothing going on in that apartment. That's the remorse."
 III. {¶ 16} Moore brings a number of arguments relative to this sentence, including his argument that the court failed to make the requisite findings for the imposition of consecutive sentences. We agree with Moore and therefore reverse and remand for resentencing. Further, because this issue is dispositive of the entire appeal, we need not reach the other specific sentencing questions.
 {¶ 17} To impose consecutive sentences, a court must find that (1) the consecutive service is necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one of the following: (a) the offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense; (b) the harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct; or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. R.C. 2929.14(E)(4). The court must also support these findings with reasons. R.C. 2929.19(B)(2)(c).
 {¶ 18} Here, the court did not make the requisite findings for the imposition of consecutive sentences. The court merely stated that consecutive sentences "in this case are not disproportionate to the danger this offender poses to the public."
 IV. {¶ 19} Because the court failed to make the requisite findings, we are required by R.C. 2305.08(G)(1) to reverse and remand the matter for resentencing.
PATRICIA A. BLACKMON, J., CONCURS.
 ANNE L. KILBANE, J., DISSENTS WITH SEPARATE OPINION.
[1] The victim came to court and asked the court to impose a light sentence.
[2] This is not accurate. The felonious assault is a second degree felony.